UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUTAZ ALSHARA,

Plaintiff,

v.

COUNTY OF WAYNE, et al.,

Defendants.
__________________________________/

Case No. 26-cv-11305
HON. MARK A. GOLDSMITH

**OPINION & ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Dkt. 12)**

Before the Court is Plaintiff Mutaz Alshara's motion for reconsideration filed under Federal Rule of Civil Procedure 59(e) (Dkt. 12). Alshara seeks reconsideration of the Court's opinion and order summarily dismissing his civil rights complaint for failure to state a claim and, in the alternative, requests that the Court allow him to amend his complaint. For the reasons discussed below, the Court denies the motion. [1]

## I. BACKGROUND

[1] While not affecting the present case, Alshara was recently enjoined from filing new cases in this Court without first seeking leave of the Court. See Alshara v. All Pro Logistics, LLC et al., No. 2:26-cv-11929 (E.D. Mich. July 20, 2026) (Leitman, J.) (Dkt. 9). Judge Leitman enjoined Alshara for his excessive filing of cases, including 11 civil lawsuits in this District that have been summarily dismissed for failure to state a claim. Id. at PageID.54–55. Judge Leitman concluded that Alshara is a vexatious litigant and that "the volume and breadth of the actions filed by Alshara have made them a substantial (and unnecessary) burden on Court resources. Alshara has sued the Chinese, Lebanese, Iraqi, Canadian, and United States governments; national corporations like Apple, Walmart, and Grindr; local businesses; and individual defendants. And he has asserted a wide variety of claims that have no basis in law or fact." Id. at PageID.59. Based on these facts, Judge Leitman determined that "Alshara has engaged in a pattern of filing repetitive, frivolous, or vexatious cases warranting the imposition of prefiling restrictions" and that his status as a pro se litigant proceeding in forma pauperis further supported that conclusion. Id.

Alshara filed a pro se complaint under 42 U.S.C. § 1983 (Dkt. 1). The complaint alleged numerous constitutional violations arising from an alleged "five-year pattern of involuntary civil commitment proceedings conducted at the Wayne County Probate Court without prosecutorial participation mandated by Michigan Complied Laws 330.1454 and 330.1457." Id. at PageID.1. Alshara named Wayne County, Wayne County Executive Warren C. Evans, Prosecutor Kym L. Worthy, and Circuit Court Judge David A. Braxton as Defendants. Id. Alshara also filed an application to proceed in forma pauperis (Dkt. 2). Alshara's principal allegation was that Wayne County's ongoing practice of conducting involuntary commitment hearings without the prosecution's participation violated his procedural and substantive due process rights. Id. at PageID.6. Additionally, Alshara brought an equal protection claim based on his protected classification as a gay man as well as other miscellaneous claims such as denial of jury trial demand and a "writ in the nature of mandamus." Id. at PageID.12–13.

The Court granted Alshara's IFP application and screened the complaint under 28 U.S.C. § 1915(e)(2)(B). 5/29/26 Op. & Order (Dkt. 10). The Court concluded that the complaint was subject to dismissal because Alshara failed to state a claim. Id. at PageID.114. Specifically, the Court concluded that the complaint was difficult to follow and devoid of any factual allegations upon which the Court could discern "what process Alshara believes he did not receive, and whether that process drives from any federal law or statute." Id. Moreover, the Court found Alshara failed to adequately plead how his classification as an openly gay man affected his claims. Id. For these reasons, the Court dismissed the case.

Now before the Court is Alshara's motion for reconsideration. Alshara argues that he is entitled to relief because the Court's dismissal order "rests upon a manifest error of law and clear misapprehension of the factual and legal content of the Complaint" and the Court has overlooked

the substance of his allegations and his citations to various supporting statutes. Mot. at PageID.118, 120–121. He further argues that the Court erred by dismissing the complaint without allowing leave to amend to cure any pleading deficiencies under Federal Rule Civil Procedure 15(a). Id. at PageID.124. Alternatively, he requests that the Court grant him leave to file an amended complaint.

## II. ANALYSIS

Alshara has neither shown that he is entitled to relief under Rule 59(e), nor has he shown that leave to amend his complaint is warranted.

### A. Reconsideration Under Rule 59(e)

Alshara first argues that he is entitled to relief under Rule 59(e) because the Court's order "rests upon a manifest error of law and clear misapprehension of the factual and legal content of the Complaint." Mot. at PageID.118.

"[A] district court may grant a Rule 59(e) motion only to (1) correct a clear error of law, (2) account for newly discovered evidence, (3) accommodate an intervening change in the controlling law, or (4) otherwise prevent manifest injustice." Moore v. Coffee Cnty., 402 F. App'x 107, 108 (6th Cir. 2010). A Rule 59 motion may not be used to relitigate issues of disagreement with the court's initial ruling. Howard v. United States, 533 F.3d 472, 475 (6th Cir. 2008). The Court understands the motion as seeking to correct a clear error of law. Alshara does not argue that any of the other bases for granting a Rule 59(e) motion apply.

Alshara has not met the requirements under Rule 59(e) because he has not established any error in the Court's ruling to dismiss his complaint, much less clear error. With respect to the issue of the prosecutor's participation in his involuntary civil commitment proceedings, Alshara has not provided the Court with any authority demonstrating that the non-appearance of the prosecutor

injured him in any way. Additionally, Alshara claims that the prosecutor's actions contravened Mich. Comp. Laws § 330.1454, but he has not shown how non-compliance with state law gives rise to a federal right. Section 1983 provides a remedy for violations of federal law, not state law or state policy. Lugar v. Edmondson Oil Co., 457 U.S. 922, 924 (1982); Laney v. Farley, 501 F.3d 577, 580 581 (6th Cir. 2007). Alleged violations of state law do not rise to the level of a violation or deprivation of a federal constitutional right cognizable under § 1983. See Grinter v. Knight, 532 F.3d 567, 574 (6th Cir. 2008) ("Failing to follow proper procedures is insufficient to establish an infringement of a liberty interest."). Therefore, the Court did not err because Alshara has not shown a constitutional violation on this basis.

Alshara's equal protection claim fares no better. Alshara has not established that his constitutional rights have been infringed upon because of his status as an openly gay man. Alshara's only allegation supporting this claim is that "selective application of Wayne County's unconstitutional policy, custom, and practice—whereby commitment proceedings proceed without statutorily mandated safeguards against a disproportionately burdened class including LGBTQ+ individuals—denies Plaintiff the equal protection of the laws." Compl. ¶ 85. Alshara has not set forth any intelligible, much less plausible claim. For instance, he does not explain what "selective application" means and sets forth no facts explaining what it means. He also fails to set forth any facts showing how selectivity is practiced by Defendants. The Court, therefore, is unable to discern what is meant by this allegation and Alshara's motion for reconsideration sheds no further light on its meaning. The Court did not err by concluding that Alshara failed to plead a plausible claim.

**B. Leave to Amend**

Alshara next argues that the Court erred by failing to give him the opportunity to amend his complaint to cure pleading deficiencies prior to summary dismissal. Mot. at PageID.141. This argument also lacks merit.

"There is currently no rule of law in this circuit that requires a district court, sua sponte, to give a pro se plaintiff leave to amend his complaint absent a request . . . and so generally, a district court does not abuse its discretion in failing to grant a party leave to amend where such leave is not sought." Brown v. Mautaszak, 415 F. App'x 608, 615–616 (6th Cir. 2011). Moreover, dismissing a complaint with prejudice "where a plaintiff has not [properly] sought leave to amend typically is not an abuse of discretion." U.S. ex rel Angelo v. Allstate Ins. Co., 106 F.4th 441, 454 (6th Cir. 2024), cert den. 145 S. Ct. 550 (2024). Under exceptional circumstances, the Sixth Circuit has remanded a case to allow a pro se plaintiff leave to amend where it was not requested in the district court. Brown, 415 F. App'x at 614. In Brown, the Sixth Circuit held that because state court records supported the plaintiff's § 1983 claim, and because "[t]he problem [was] that [the plaintiff] simply did not include this factual information in his § 1983 complaint," it was an abuse of discretion for the district court not to offer the straightforward remedy of leave to amend. Id.

Brown is distinguishable because Alshara has placed no facts or record before the Court tending to support a § 1983 claim. The Court had a proper basis for dismissing the complaint based on failure to state a claim and did not abuse its discretion by entering a screening dismissal without sua sponte permitting leave to amend.

Alternatively, Alshara requests that the Court grant him leave to file an amended complaint. Mot. at PageID.118. However, Alshara has not shown that leave to amend is warranted.

Whether to grant or deny a post-judgment motion for leave to amend complaint "is committed to the district court's sound discretion." Moore v. City of Paducah, 790 F.2d 557, 559

(6th Cir. 1986) (citing Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971)). Generally, amending complaints following dismissal is disfavored because federal courts are "not a sounding board for litigants to test various theories until they find one allowing the litigation to continue." U.S. ex rel. Angelo, 106 F.4th at 454. "When a party seeks to amend a complaint after an adverse judgment, it thus must shoulder a heav[y] burden." Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv., 616 F.3d 612, 616 (6th Cir. 2010). The movant must meet the requirements of Rule 15 as well as the requirements of Rule 59. Id.; see also BLOM Bank SAL v. Honickman, 605 U.S. 204, 210 (2025) ("[A]party seeking to reopen his case and replead must first satisfy Rule 60(b) on its own terms and obtain Rule 60(b) relief before Rule 15(a)'s liberal amendment standard can apply."). Alshara's request runs afoul of these principles.

First, as discussed, Alshara has not shown he is entitled to relief under Rule 59(e). Second, even assuming Alshara satisfied Rule 59(e)'s requirements, he also fails to satisfy Rule 15(a). Alshara has not offered any new facts or a proposed revision as required by E.D. Mich. Local Rule 15.1 ("A party who moves to amend a pleading shall attach the proposed amended pleading to the motion."). Alshara also fails to explain how amending his complaint would cure the deficiencies examined by the Court. "Without viewing the proposed amendment," it is "impossible for [a] district court to determine whether leave to amend should [be] granted." Spadafore v. Gardner, 330 F.3d 849, 853 (6th Cir. 2003); Davis v. Brown, No. 24-1464, 2025 WL 1545685, at *4 (6th Cir. Jan. 23, 2025) ("The district court did not abuse its discretion in denying Davis's Rule 59(e) motion and leave to amend his complaint following its entry of judgment. Fatal to Davis's request for leave was his failure to submit a proposed amended complaint, as required by the local rules."). Therefore, Alshara has not shown leave to amend is warranted.

## III. CONCLUSION

For the reasons stated above, the Court denies Alshara's motion for reconsideration (Dkt. 12). This case remains closed.

**SO ORDERED.**

Dated: November 3, 2026
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 3, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager